CLERKS COPY

FILED
AT ALBUQUERQUE NM

FEB 1 8 1999

ROBERT M. MARCH
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

P.I. DAVIS, SR.,

        Petitioner,

v.

        No. CIV-99-0070 MV/RLP

OFFICER IN CHARGE,
TORRANCE COUNTY DETENTION FACILITY,

        Respondent.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for preliminary consideration of Petitioner's petition for writ of habeas corpus. Petitioner ("Davis Sr.") filed the petition as "next of kin and best friend" of his son ("Davis Jr."), an inmate at the Torrance County, New Mexico, Detention Facility. Davis Sr. alleges that his son, who is "afflicted with HIV/AIDS," is being denied necessary medications and proper diet, in violation of his constitutional rights. Petitioner seeks an order requiring that Davis Jr. be provided with diet and medicines necessary to alleviate his symptoms. Because the petition challenges conditions of Davis Jr.'s confinement and does not seek release from custody, these claims for equitable relief are construed as an action under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Green v. Knowles*, 153 F.3d 727 (Table, text in Westlaw), 1998 WL 458561 (10th Cir. 1998). The required filing fee for this complaint is $150.00, and no fee or *in forma pauperis* application has been received by the Clerk. Petitioner asserts that Davis Jr. does not have funds to pay the filing fee.

However meritorious the asserted claims may be, this petition on behalf of Davis Jr. is barred both by rule of law under 42 U.S.C. § 1983 and as a matter of practice in federal court. In an action under § 1983, "a litigant may only assert his own constitutional rights or immunities." *United States*

3

*v. Raines*, 362 U.S. 17, 22 (1960); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) ("The general rule...is that a plaintiff must assert his own constitutional rights."). Because the rights allegedly violated are those of Davis Jr., an action to vindicate those rights may not be brought by his father. Furthermore, a *pro se* litigant may not represent another party, either as "next friend" or otherwise. *See Meeker v. Kercher*, 782 F.2d 153 (10th. Cir. 1986).

> An individual may [litigate] in federal courts only pro se or through legal counsel. 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"). If an individual decides to appear pro se that litigant may act in court only for himself or herself. Unless...a member of a bar, an individual is not entitled to represent any other party. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (non-lawyer not entitled to represent prisoner in appeal of criminal conviction).

*United States v. Althoff*, 16 F.3d 417 (Table, text in Westlaw), 1993 WL 542201 at **1 (10th Cir. Dec. 23, 1993). The complaint is not signed by Davis Jr., and Davis Sr., as a non-attorney, may not represent him.

IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order, an amended complaint may be filed, either by the inmate *pro se* or by an attorney on his behalf; the filing fee or a motion for leave to proceed under 28 U.S.C. § 1915 must accompany the complaint; and failure to timely file such a pleading will result in dismissal of this action without further notice;

IT IS FURTHER ORDERED that the Clerk is directed to mail to Petitioner and to Davis Jr., together with a copy of this order, the following forms: 2 copies each of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Financial Certificate, and a form §1983 complaint with instructions, at the addresses indicated in the Petition.

_____
UNITED STATES DISTRICT JUDGE